UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASMINE EDWARDS, individually and as a parent and natural guardian on behalf of PSS her minor daughter, <br><br> Plaintiff, <br><br> v. <br><br> RYAN D. SNYDER, <br><br> Defendant. | CASE NO. 3:24-CV-00812-DRL-SJF |

**OPINION and ORDER**

Two motions are pending before this Court. The earlier-filed motion is Plaintiff's Motion to Compel, which she filed on May 28, 2025. [DE 24]. Plaintiff also filed her separate N.D. Ind. L.R. 37-1 Certification on the same day. [DE 25]. Defendant did not respond to Plaintiff's motion. However, over two months after Plaintiff's motion to compel was filed, on August 13, 2025, Defendant filed his Motion to Stay Civil Proceedings Pending Resolution of Related Criminal Case. [DE 27]. Plaintiff Jasmine Edwards had responded in opposition to part of that motion [DE 29], and Defendant has not replied to that response.

For the following reasons, the Motion to Compel is granted, and the Motion to Stay is granted in part.

I. **RELEVANT BACKGROUND**
   a. **Nature of the Action**

This case and a related criminal case pending in Elkhart Circuit Court have arisen from the same event. In summary, Plaintiff's complaint alleges as follows. Plaintiff and Defendant have two minor children together, PSS and JDS. [DE 1 at 2, ¶ 7]. Ultimately, after Plaintiff and Defendant separated, Plaintiff retained physical custody over PSS and JDS, while Defendant was granted visitation rights every other weekend. [DE 1 at 2, ¶¶ 10-11].

On July 5, 2024, Plaintiff turned the children over to Defendant for parental visitation for that weekend. [DE 1 at 2, ¶ 12]. Defendant took the children to his house in Elkhart, Indiana, where he began threatening to kill them, and on July 6, 2024, forced PSS to video-call Plaintiff to say farewell. [DE 1 at 2-3, ¶¶ 15-17]. Upon learning of the situation, Plaintiff contacted the police, who then arrived at Defendant's house. [DE 1 at 3, ¶ 18]. Once the police arrived, an armed standoff ensued. [DE 1 at 3, ¶ 20]. On July 7th the police were able to enter the house, where they found JDS dead in the basement from asphyxiation. [DE 1 at 3, ¶¶ 20-22].

On July 12, 2024, the State of Indiana filed criminal charges in Elkhart Circuit Court against Defendant for murder and neglect of a dependent. *State of Indiana v. Ryan D. Snyder*, No. 20C01-2407-MR-000003.[1] On October 3, 2024, Plaintiff brought this suit. [DE 1].

---

[1] The Court takes judicial notice of the state criminal proceedings. *Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020) ("A court may take judicial notice of public records such as . . . state court documents.").

### b. Focus of Discovery Dispute

Plaintiff seeks all discovery materials Defendant was provided with from the prosecutors in his criminal proceedings. [DE 24 at 1-2]. Plaintiff made her request known to Defendant in her second request for production. [*Id.*]. Initially, Defendant did not timely respond to Plaintiff's request, and only after Plaintiff followed up the day after Defendant's deadline expired did Defendant object to propounding the requested materials. Specifically, on May 20, 2025, Defendant objected to Plaintiff's request, stating that: "all such items are subject to a nondisclosure contract between counsel and the County of Elkhart. Pursuant to which this counsel cannot even produce a copy for his client. A copy of the contract was sent by email to you today." [DE 24-3]. A little over a week later, Plaintiff filed her motion to compel.[2]

Defendant never filed a response to Plaintiff's motion. Further, to date, Defendant has not provided the materials subject to the non-disclosure agreement.

Over two months after Plaintiff's motion to compel was filed, Defendant filed his motion to stay these proceedings. In his motion, Defendant relays that there is substantial overlap between this case and the criminal case brought by the state of Indiana. He argues that because of this overlap, "civil discovery responses, depositions, and disclosures would directly bear on issues in the criminal matter." [DE 27 at 2]. Defendant further argues that forcing him to proceed with discovery while his criminal

---

[2] Plaintiff has attempted to confer in good faith with Defendant in an effort to resolve this matter without Court action. [DE 25]; *see* Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a).

trial is pending "would force Defendant into the unconstitutional dilemma of choosing between invoking the Fifth Amendment—risking adverse inferences in this civil case—or answering discovery and potentially incriminating himself in the criminal case." [DE 27 at 2]. The Defendant requests that this case be stayed until the criminal case is resolved. [DE 27 at 3-4].

## II. DISCUSSION
### a. Plaintiff's Motion to Compel [DE 24]

The court has broad discretion in discovery matters, including ruling on motions to compel. *See Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). The Federal Rules of Civil Procedure oblige the court "to supervise and limit discovery when it feels the discovery is cumulative, unnecessary, designed to annoy or harass, excessively expensive, or only marginally important." *Pistolis v. Ameren*, Case Nos. 3:19-CV-001185-MAB, 3:19-CV-001182-MAB, 2022 WL 2159291, at *4 (S.D. Ill. June 15, 2022) (citing *Mr. Frank, Inc. v. Waste Mgmt., Inc.*, No 80 C 3498, 1983 WL 1859, at *1 (N.D. Ill. July 7, 1983)). The scope of discovery is outlined in Fed. R. Civ. P. 26(b)(1), which provides that, "[u]less otherwise limited by court order":

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4

*Id.* Relevancy is broadly construed to encompass "any matter that bears upon, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Herx v. Diocese of Fort Wayne-South Bend Inc.*, Case No. 1:12–CV–122, 2013 WL 5531376, at *1 (N.D. Ind. Oct. 7, 2013) (internal quotations omitted). However, courts are authorized to limit discovery to only that which is warranted by the circumstances of each case in order to hedge against the potential for discovery abuse. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993). A court may grant the relief sought in whole or in part, or otherwise "fashion a ruling appropriate for the circumstances of the case." *Gile*, 95 F.3d at 496 (citing to Fed. R. Civ. P. 37(a)(4)(B), (C)). Indeed, it behooves this court to "independently determine the proper course of discovery based upon the arguments of the parties." *Id.* (citing to *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996)).

      A Court may order a party to disclose information when the original answer or production is "evasive or incomplete." Fed. R. Civ. P. 37(a)(4). Conversely, if it believes that a party's failure to disclose information is substantially justified or is harmless, the Court may deny a motion to compel. Fed. R. Civ. P. 37(c)(1). Moreover, Rule 26(b)(2)(C) allows the Court to limit discovery if the information "sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW,* Cause No. 1:08–CV–

5

160, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) (*citing Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)).

Fed. R. Civ. P. 34(a), in the relevant part, allows a party to request the production of documents that "constitute or contain matters within the scope of Rule 26(b)." Given the broad scope of Rule 26(b), it is not surprising that the party resisting discovery bears the burden of showing why a production request is improper. *See* Rule 34(b); *Gile,* 95 F.3d at 495. While Rule 34 does not precisely delineate when an objection is "timely" or not, the rule clearly states that a party upon whom the discovery request has been made has thirty days to respond, and an objection to a part of the request must specify the reasons for so objecting in such response. Fed. R. Civ. P. 34(b)(2). Courts have interpreted Rule 34 to indicate that "a failure to raise an objection in an answer to a Rule 34 document production request may constitute waiver." *Hall v. Sullivan*, 231 F.R.D. 468, 473 (D. Md. 2005) (collecting cases); *Schloss v. City of Chicago*, No. 18 C 1880, 2020 WL 4339282, at *4 (N.D. Ill. July 28, 2020); *Whitlow v. Martin*, 259 F.R.D. 349, 354 (C.D. Ill. 2009). In the absence of good cause, "failure to object in a timely manner waives a subsequent assertion of objections." *Buonauro v. City of Berwyn*, No. 08 C 6687, 2011 WL 116870, at *4 (N.D. Ill. Jan 10, 2011).

Plaintiff argues that Defendant waived all objections, including his objection that Defendant made in his response to the second production request based on its untimeliness. [DE 24 at 5].

In her motion, Plaintiff principally relies on *Cox v. Sherman Capital, LLC*, for support. No. 1:12-cv-01654-TWP-MJD, 2014 WL 712659 (S.D. Ind. Feb. 24, 2014). The

6

movants in *Cox* argued that the non-movant Defendants waived their class action certification objection to movants' production request when they did not raise it until they responded to the motion to compel. *Id.* at *2. Defendants argued that they raised the objection in a letter to movants' counsel eighteen days after submitting their responses to the production requests. *Id.* at *3. The *Cox* court held that Defendants' delayed response was significantly beyond what was contemplated by Rule 34, and therefore, the objection was waived. *Id.* (citing to *Buonauro,* 2011 WL 116870, at *4).

Here however, Defendant propounded his objection at the same time as his response to Plaintiff's second request for production, only one day after the deadline for him to do so expired under Rule 34. Further, the delay appears to be on account of a mistake of Defendant's counsel, who believed that he had sent it on the day before. [DE 24-4]. Any prejudice that Plaintiff may have suffered because of Defendant's single day delay in presenting his objection and answer is minimal. Indeed, in light of the concurrent criminal trial, Defendant's short delay in propounding discovery convinces the Court that the imposition of waiver is an unduly harsh sanction here. *Gutierrez v. Baldwin*, Case No. 3:18-01478-SMY-RJD, 2020 WL 7123139, at *2 (S.D. Ill. Dec. 4, 2020) (quoting *Minerly v. Holt*, Case No. 3:17-cv-00520-SMY-RJD, 2019 WL 2326120, at *2 (S.D. Ill. May 31, 2019) (waiver is reserved "for cases where the offending party was guilty of unjustified delay when responding to discovery."). Therefore, the Court finds there is good cause for relief from total waiver in this instance and, without commenting on the merits of the objection, will not find that the objection has been waived.

However, Defendant's untimely objection ultimately comes to naught. This is because Defendant, despite objecting to Plaintiff's production request and refusing to provide responsive discovery, has not filed a response in opposition to Plaintiff's motion to compel. Failure to respond to a motion within the time prescribed may subject the motion to summary ruling. N.D. Ind. L.R. 7-1(d)(5). Further, by not responding, Defendant has not met his burden of demonstrating why these documents should be withheld. *Gregg*, 2009 WL 1235103, at *8 (N.D. Ind. May 13, 2009). Consequently, this Court can only assume that Plaintiff's motion is unopposed. Therefore, the Court grants Plaintiff's motion[3].

### b. Defendant's Motion to Stay [DE 29]

Viewed charitably, Defendant's tardy objection to Plaintiff's request for production and his failure to respond to Plaintiff's motion to compel may be a symptom of him preparing for his criminal trial. Indeed, Defendant's motion to stay focuses on the criminal case as the main justification warranting a stay in this case. Plaintiff "does not oppose a limited stay of proceedings pending resolution of the related criminal matter." [DE 29 at 1]. However, Plaintiff requests that the Court carve out any resolution of her motion to compel from any stay. [*Id.*]. Defendant did not file a reply,

---

[3] Consistent with the mandate set forth in Rule 37(a)(5)(A), the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But "the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.* Here, the Defendant's objection, based on his concurrent criminal trial, and the nondisclosure agreement entered into with the Office of the Prosecuting Attorney of Indiana makes an award of expenses unjust. [*See* DE 24-6].

8

so his stance towards such a carve-out is assumed as unopposed. *See* N.D. Ind. L.R. 7-1(d)(5).

"A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket." *Robinson v. Peck*, No. 2:22-cv-131, 2023 WL 2596729, at *1 (N.D. Ind. Mar. 22, 2023); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A decision to stay is up to court's the discretion based on the interests of justice. *Cruz v. County of DuPage*, No. 96 C 7170, 1997 WL 370194, at *1 (N.D. Ill. June 27, 1997); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450-51 (S.D. Ind. 2003). "However, a stay is not required just because there is a parallel criminal proceeding." *U.S. Sec. & Exch. Comm'n v. Salis*, 2016 WL 7239916, at *2 (N.D. Ind. Dec. 14, 2016) (citing to *U.S. v. Certain Real Prop. Commonly Known as 6250 Ledge Rd., Egg Harbor*, 943 F.2d 721, 729 (7th Cir. 1991).

Courts in the Seventh Circuit consider several factors in order to determine whether a stay is appropriate in a civil case based on parallel criminal proceedings. In doing so, the court seeks to strike a balance between avoiding placing the defendant in a position where he must choose between risking a loss in his civil case by invoking his Fifth Amendment rights or risking conviction in his criminal case by waiving his Fifth Amendment rights and testifying in the civil proceeding. *Jones*, 216 F.R.D. at 451 (quoting *Cruz*, 1997 WL 370194, at *1). Those factors[4] include: "(1) whether the two

---

[4] Other courts in the Seventh Circuit have used a slightly different set of factors, which are: "(1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in pending civil and criminal litigation." *U.S. v. Smile Center of*

actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice of a delay; and (6) the burden that any particular aspect of the proceedings may impose on the defendant." *Jackson v. Zormier*, No. 2:20-cv-45, 2020 WL 1899815, at *1 (N.D. Ind. Apr. 17, 2020). These factors are not a rigid test but are "general guidelines" to help the court's decision. *Cruz*, 1997 WL 370194 at *2.

This action arises from the exact same set of facts as Defendant's criminal case, so this factor weighs in favor of a stay. Further, this case was not brought by the government, which lessens the potential harm in continuing the proceedings. However, this factor is not fatal to a stay. *Cruz*, 1997 WL 370194 at *3.

Plaintiff has an interest in resolving the litigation quickly. [DE 29 at 3-4]. However, this factor does not weigh very heavily in her favor, since Plaintiff is not opposed to a partial stay and Defendant's criminal trial is slated to resolve quickly. *See Flick v. Parker*, No. 20 CV 50070, 2020 WL 4815904, at *6 (N.D. Ill. Aug. 18, 2020).

The burden on the Defendant to produce written discovery and to sit for his deposition is heavy, as it may affect his defense against his criminal charges. In all likelihood, he would want to invoke his rights under the Fifth Amendment in this case. "In a civil action unlike a criminal case, a jury may draw adverse inferences against a

---

*Family Dentistry, P.C.*, Case No. 2:02-CV-439-JM, 2005 WL 8170010, at *3, *3 n. 5 (N.D. Ind. Mar. 17, 2000) (describing the separate tests as substantially similar) (internal citations omitted).

10

defendant that invokes his Fifth Amendment right to remain silent." *Salis*, 2016 WL 7239916, at *2 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001)). Further, the public has an interest in criminal defendants getting fair trials, with their Fifth Amendment rights untouched by parallel civil proceedings. *See Jones*, 216 F.R.D. at 451. This outweighs the interests in judicial economy and the quick resolution of civil suits, given the short amount of time until Defendant's criminal trial, which is set for January 5, 2026. This concern is less here, where a review of the criminal docket reveals that the trial has concluded.[5] Therefore, Defendant's ability to defend himself in the criminal proceeding does not weigh in favor of a stay.

On the whole, the factors weigh more heavily in favor of a stay. The Defendant's criminal trial is either set to occur barely one month from now or seems to have already been concluded, based on the Court's review of the state court's docket, which lessens the impact that any stay, which likely will be brief, would have on Plaintiff. Further, with the grant of a brief stay, the Court can ensure that anything Defendant produces does not impact his ability to defend against his criminal charges. Therefore, a stay is appropriate here.

---

[5] However, Defendant has not withdrawn his motion, which leads the Court to conclude that he continues to wish for this litigation to be stayed.

11

### III.  CONCLUSION

Accordingly, Defendant's Motion to stay is **GRANTED in PART**. [DE 27]. The deadlines set in the Court's Scheduling Order [DE 22] are **VACATED**. All proceedings are **STAYED** with the exception described below.

Plaintiff's Motion to Compel is **GRANTED**. [DE 24]. Defendant is to produce documents responsive to Plaintiff's Second Request for Production by **March 3, 2026**.

The parties are **ORDERED** to file a status report by **March 6, 2026**. The status report should indicate whether Defendant's criminal trial has concluded and if so, whether Defendant intends to file an appeal. Further, the status report should include a proposed scheduling plan to continue to propel this case forward.

**SO ORDERED** this 4th day of February 2026.

s/Scott J. Frankel<br>
Scott J. Frankel<br>
United States Magistrate Judge